### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SZYMON SANAK, individually, and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, )<br><br>Defendant. ) | Case No.    1:22-cv-04999<br><br>Honorable: |

### NOTICE OF REMOVAL

Defendant NewRez LLC d/b/a Shellpoint Mortgage Serving files its notice of removal pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c) and 1446 of the action captioned *Szymon Sanak v. NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez")*, pending in the First Municipal District, Circuit Court of Cook County, Illinois (case no. 2022-CH-07577), to the United States District Court for the Northern District of Illinois, Eastern Division. As grounds for removing this action, Shellpoint states:

1. On August 4, 2022, plaintiff Szymon Sanak filed a complaint against NewRez in the Circuit Court of Cook County, Illinois, County Department, Chancery Division alleging violations under the Fair Debt Collection Practices Act. This action was assigned case no. 2022-CH-07577.

2. NewRez received the complaint and summons on or about August 16, 2022. This notice of removal is timely as it has been less than 30 days since NewRez's receipt of the complaint and summons. 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon NewRez are attached to this Notice of Removal in **Exhibit 1** (complaint, summons, motion for class certification).

4.      This action may be removed pursuant to 28 U.S.C. § 1441(a) if it is one "of which the district courts of the United States have original jurisdiction."

5.      This court has original jurisdiction over Mr. Sanak's complaint alleging violations of the Fair Debt Collection Practices Act pursuant to 28 U.S.C. § 1331, because they are claims for relief arising under the laws of the United States. 15 U.S.C. § 1681 et seq.; 15 U.S.C. § 1692 et seq.

6.      Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7.      This court has federal-question jurisdiction over this case pursuant to 28 USC §§ 1331 and 1441 because Mr. Sanak asserts FDCPA claims. (*See* Ex. 1).

8.      The court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (*See* Ex. 1)

9.      Mr. Sanak is a citizen of Riverside, Illinois, where he resides. (*See* Ex. 1)

10.     NewRez is a citizen of Delaware and New York.  Shellpoint Mortgage Servicing is an assumed name of NewRez LLC, a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members. Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998).  NewRez LLC has one member: Shellpoint Partners LLC. Shellpoint Partners LLC has two members: NRM Acquisition LLC and NRM Acquisition II LLC.

NRM Acquisition LLC and NRM Acquisition II LLC each have one member: New Residential Mortgage LLC. New Residential Mortgage LLC has one member: Rithm Capital Corp. A corporation is a citizen of every state by which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *N. Tr. Co. v. Bunge Corp*., 899 F.2d 591, 594 (7th Cir. 1990). Rithm Capital Corp., fka New Residential Investment Corp., is a Delaware corporation with its principal place of business in New York.

11.     It is apparent on the face of Mr. Sanak's complaint the amount in controversy exceeds $75,000. (*See* Ex. 1)

12.     NewRez reserves all rights to challenge all allegations of the complaint at the appropriate time.

13.     This court is the proper district court for removal because the Circuit Court of Cook County, where the state court action was filed, is located within the United States District Court for the Northern District of Illinois. 28 U.S.C. § 1441(a).

14.      Promptly after the filing of this notice, NewRez will provide Mr. Sanak with written notice of the filing of this notice of removal as required by 28 U.S.C. § 1446(d).

15.     Promptly after the filing of this notice, NewRez will file a copy of this notice of removal with the Clerk of the Circuit Court of Cook County Illinois, County Department, First Municipal Division. 28 U.S.C. § 1446(d).

16.     NewRez's Corporate Disclosure Statement, pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.2, is attached hereto as **Exhibit 2**.

For relief, defendant NewRez LLC d/b/a Shellpoint Mortgage Serving respectfully requests that the action captioned as *Szymon Sanak v. NewRez LLC d/b/a Shellpoint Mortgage Servicing*, case no. 2021-M1-010217, pending in the Circuit Court of Cook County, Illinois, be

removed to this court, and that this court exercise its subject matter jurisdiction over this action, and for such other relief as the court may deem just and proper.

September 14, 2022

Respectfully submitted,

/s/ Rebekah A. Carpenter

Rebekah A. Carpenter (ARDC #6305616)
Ronald C. Gilbert, III (#3553049)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700 Telephone
rebekah.carpenter@akerman.com
ronald.gilbert@akerman.com
*Attorneys for defendant NewRez LLC*
*d/b/a Shellpoint Mortgage Servicing*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2022, a true and correct copy of the foregoing **Notice of Removal** was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

/s/ Rebekah A. Carpenter

Rebekah A. Carpenter
*Attorney for NewRez LLC*
*d/b/a Shellpoint Mortgage Servicing*

# EXHIBIT 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 5

FILED DATE: 8/4/2022 1:27 PM    2022CH07577

FILED
8/4/2022 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07577
Calendar, 5
18956640

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Szymon Sanak

Plaintiff(s)

v.

Case No.    **2022-CH-07577**

NewRez, LLC d/b/a Shellpoint Mortgage
Servicing

Defendant(s)

c/o Illinois Corporation Service Company
**Registered Agent**
**801 Adlai Stevenson Drive**
**Springfield, IL 62703**

Address of Defendant(s)

Please serve as follows (check one):    Certified Mail   ● Sheriff Service    Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons

(12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

---

⦿ Atty. No.: 47671
Pro Se 99500

Name: Arthur C. Czaja

Atty. for (if applicable):

Plaintiff

Address: 7521 N. Milwaukee Ave.

City: Niles

State: IL    Zip: 60714

Telephone: 847-647-2106

Primary Email: arthur@czajalawoffices.com

Witness date _____ 8/4/2022 1:27 PM IRIS Y. MARTINEZ

_____
IRIS Y. MARTINEZ, Clerk of the Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 8/4/2022 1:27 PM 2022CH07577

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                        OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**12-Person Jury**

FILED
8/4/2022 12:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07577
Calendar, 5
18955355

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – CHANCERY DIVISION

SZYMON SANAK, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

    Defendant.

Case No.     **2022CH07577**

### COMPLAINT

**NOW COMES** Plaintiff, SZYMON SANAK, individually, and on behalf of all others

similarly situated, through undersigned counsel, complaining of Defendant, NEWREZ LLC d/b/a

SHELLPOINT MORTGAGE SERVICING, as follows:

### NATURE OF THE ACTION

1.     This action is seeking redress for Defendant's violation(s) of the Fair Debt

Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt

collection practices, to ensure that debt collectors who abstain from such practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers. 15

U.S.C. § 1692(e).

3.     The Act regulates interactions between consumer debtors and "debt collector[s],"

defined to include any person who "regularly collects … debts owed or due or asserted to be owed

or due another." §§ 1692a(5), (6).

1

FILED DATE: 8/4/2022 12:41 PM   2022CH07577

FILED DATE: 8/4/2022 12:41 PM 2022CH07577

4.     Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an "unusual time or place" likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence of the threat thereof, §§ 1692d(1), (2). *See* generally §§ 1692b-1692j; *Heintz v. Jenkins*, 514 U.S. 291, 292-293, 115 S. Ct. 1489, 131 L. ed. 2d 395 (1995).

5.     The Act is enforced through administrative actions and private lawsuits. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010).

### JURISDICTION AND VENUE

6.     This Court has personal jurisdiction pursuant to 735 ILCS 5/2-209.

7.     Venue is proper pursuant to 735 ILCS 5/2-101.

### PARTIES

8.     SZYMON SANAK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 264 Nuttall Road, Riverside, Illinois 60546.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.    NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint") is a limited liability company organized and existing under the laws of the state of Delaware.

11.    Shellpoint has its principal place of business at 1100 Virginia Drive, Suite 125, Fort Washington, Pennsylvania 19034.

12.    Shellpoint manages (or "services") mortgage loans after mortgage lenders originate them.

13.    Shellpoint is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

14.     Shellpoint uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## **FACTUAL ALLEGATIONS**

15.     On or around March 15, 2017, Plaintiff executed a mortgage in favor of JPMorgan Chase Bank, N.A. (the "Mortgage").

16.     The Mortgage secured the purchase of Plaintiff's personal residence located at 264 Nuttall Road, Riverside, Illinois 60546 (the "Property").

17.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $428,000.00 (the "Loan").

18.     The Note provides that "I will make a payment on the first day of every month, beginning on June 1st 2006."

19.     JPMorgan Chase Bank, N.A. assigned the Mortgage to Metropolitan Life Insurance Company by instrument dated April 10, 2015 and recorded May 27, 2015 as Document No. 1514739003 in the records of the Recorder's Office of Cook County, Illinois.

20.     Plaintiff is alleged to have defaulted on the Loan by failing to pay the monthly installments of principal, interest, taxes and/or insurance.

21.     The servicing of Plaintiff's Loan was assigned, sold, or transferred to Shellpoint.

22.     On March 15, 2019, Metropolitan Life Insurance Company filed a "Complaint to Foreclose Mortgage" against Plaintiff; Ewa Sanak; Midland Funding LLC; Unknown Owners and Non-Record Claimant, pursuant to section 15-1101 of the Code of Civil Procedure (hereinafter, the "Code") with respect to the Property.

3

FILED DATE: 8/4/2022 12:41 PM 2022CH07577

23.     By this time, all the payments owing under Plaintiff's Loan were purportedly accelerated.[1]

24.     Once Plaintiff's Loan was purportedly accelerated, all the indebtedness under Plaintiff's Loan was due.

25.     Paragraph 3(J) of the Complaint to Foreclose Mortgage provides:

> Statement as to defaults: Mortgagor(s) have not paid the monthly installments of principal, interest, taxes and/or insurance for July, 2018 through the present; the principal balance due on the note and the mortgage is $283,803.75, plus interest, costs, advances and fees. Interest accrues at a per diem rate of $26.07.

26.     Shellpoint sent Plaintiff a "Mortgage Statement" dated, December 18, 2021. *See* **Exhibit A**.

27.     The statement included a section entitled "Explanation of Payment Amount," which included a "Regular Monthly Payment" amount and a "Total Payment Amount," both in bold lettering.

28.     Also included was a detachable payment coupon to send in with the payment, which was referred to as the "Payment Amount" and had a "Payment Date."

29.     The statement identified $112,324.37 as the "Total Payment Amount" and not the $283,803.75 identified in the Complaint to Foreclose Mortgage.

30.     The "Mortgage Statement" dated, December 18, 2021, is a "communication" as defined by 15 U.S.C. § 1692a(2).

---

[1] A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law. *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16 ("If CitiMortgage had not sent an acceleration notice, it would not be entitled to foreclose," therefore not satisfying "a condition precedent to its right to bring suit.").

4

31.     The Mortgage provides:

> 20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note
> or a partial interest in the Note (together with this Security Instrument) can
> be sold one or more times without prior notice to Borrower. A sale might
> result in a change in the entity (known as the "Loan Servicer") that collects
> Periodic Payments due under the Note and this Security Instrument and
> performs other mortgage loan servicing obligations under the Notice, this
> Security Instrument, and Applicable Law. There also might be one or more
> changes of the Loan Servicer unrelated to a sale of the Note. If there is a
> change of the Loan Servicer, Borrower will be given written notice of the
> change which will state the name and address of the new Loan Servicer, the
> address to which payments should be made and any other information
> RESPA requires in connection with a notice of transfer of servicing. If the
> Note is sold and thereafter the Loan is serviced by a Loan Servicer other
> than the purchaser of the Note, the mortgage loan servicing obligations to
> Borrower will remain with the Loan Servicer or be transferred to a successor
> Loan Servicer and are not assumed by the Note purchaser unless otherwise
> provided by the Note purchaser.
>
> Neither Borrower nor Lender may commence, join, or be joined to any
> judicial action (as either an individual litigant of the member of a class) that
> arises from the other party's actions pursuant to this Security Instrument or
> that alleges that the other party has breached any provision of, or any duty
> owed by reason of, this Security Instrument, until such Borrower or Lender
> has notified the other party (with such notice given in compliance with the
> requirements of Section 15) of such alleged breach and afforded the other
> party hereto a reasonable period after the giving of such notice to take
> corrective action. If Applicable Law provides a time period which must
> elapse before certain actions can be taken, that time period will be deemed
> reasonable for purposes of this paragraph. The notice of acceleration and
> opportunity to cure given to Borrower pursuant to Section 22 and the notice
> of acceleration given to Borrower pursuant to Section 18 shall be deemed
> to satisfy the notice and opportunity to take corrective action provisions of
> this Section 20.

32.     Pursuant to Section 20 of Plaintiff's Mortgage, Plaintiff, mailed a "Notice of

Grievance," dated January 12, 2022, to Shellpoint, providing, pertinently:

> [A] foreclosure proceeding was commenced in state court on March 15,
> 2019. In the foreclosure proceeding, the debt was allegedly accelerated and
> the full amount payable under the Note and Mortgage was declared to be

5

FILED DATE: 8/4/2022 12:41 PM 2022CH07577

due. Notwithstanding, your mortgage statement, dated December 18, 2021, identified $112,324.37 as the "Total Payment Amount" and not the $283,803.75 identified in your Complaint to Foreclose Mortgage, dated March 15, 2019. In doing so, you violated §§ 1692e(2)(A) and e(10) by providing false and misleading statements in the mortgage statement and by misstating the amount and legal status of the debt.

33.    Shellpoint sent Plaintiff a "Mortgage Statement" dated, February 16, 2022. *See* **Exhibit B**.

34.    The statement included a section entitled "Explanation of Payment Amount," which included a "Regular Monthly Payment" amount and a "Total Payment Amount," both in bold lettering.

35.    Also included was a detachable payment coupon to send in with the payment, which was referred to as the "Payment Amount" and had a "Payment Date."

36.    The statement identified $117,397.09 as the "Total Payment Amount" and not the $283,803.75 identified in the Complaint to Foreclose Mortgage.

37.    The "Mortgage Statement" dated, February 16, 2022, is a "communication" as defined by 15 U.S.C. § 1692a(2).

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq.*)

38.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

39.    Section 1692e provides:

6

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2)    The false representation of—

        (A)    the character, amount, or legal status of any debt.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

40.    Shellpoint's February 16, 2022 statement falsely represented the amount and legal status of Plaintiff's Loan; violating 15 U.S.C. § 1692e

41.    At the time Shellpoint sent the February 16, 2022 statement to Plaintiff, all the payments owing under Plaintiff's Loan were purportedly accelerated.

42.    Once Plaintiff's Loan was accelerated, all the indebtedness under Plaintiff's Loan was due.

43.    The February 16, 2022 statement sought an amount far less than the accelerated indebtedness due.

44.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692e pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of—

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

7

FILED DATE: 8/4/2022 12:41 PM   2022CH07577

FILED DATE: 8/4/2022 12:41 PM 2022CH07577

       (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

       (B)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

   (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

**WHEREFORE**, Plaintiff, SZYMON SANAK, prays the Court enter an Order:

A.    finding that Shellpoint is a "debt collector" as defined by 15 U.S.C. § 1692a(6);

B.    finding that the Loan is a "debt" as defined by 15 U.S.C. § 1692a(5);

C.    granting certification of the proposed class, including the designation of Plaintiff as the named representative, the appointment of the undersigned as Class Counsel, under the applicable provisions of 735 ILCS 5/2-801 *et seq*.;

D.    finding that Shellpoint used false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Loan, violating 15 U.S.C. § 1692e;

E.    enjoining Shellpoint from violating 15 U.S.C. § 1692e;

F.    awarding any actual damage sustained by Plaintiff and the Members of the Putative Class as a result of Shellpoint's violation(s);

G.    awarding such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000.00;

8

FILED DATE: 8/4/2022 12:41 PM    2022CH07577

H.      awarding such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Shellpoint;

I.      awarding costs of this action including expenses together with reasonable attorney's fees as determined by the Court; and

J.      awarding such other relief as the Court deems just and proper.

## CLASS ALLEGATIONS

44.      All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45.      Plaintiff brings this action pursuant to 735 ILCS 5/2-801, individually, and on behalf of all others similarly situated (the "Putative Classes").

46.      The Putative Classes are defined as follows:

> *All persons within the State of Illinois to whom (a) within the one (1) year prior to filing of the original complaint and during its pendency; (b) received the same or a substantially similar Mortgage Statement as the Mortgage Statements referenced supra; (c) following acceleration of the indebtedness; (d) where the mortgage statement sought an amount less than the accelerated indebtedness due.*

47.      The following individuals are excluded from the Putative Class: (1) any Judge presiding over this action and members of their families; (2) Shellpoint, Shellpoint's subsidiaries, parents, successors, predecessors, and any entity in which Shellpoint or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such executed persons;

9

and (6) persons whose claims against Shellpoint have been fully and finally adjudicated and/or released.

**A.  Numerosity:**

48.     Upon information and belief, Shellpoint mailed no less than 40 similar mortgage statements to consumers residing in the state of Illinois.

49.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

50.     Members of the Putative Class can be objectively identified from records of Shellpoint to be gained in discovery.

**B.  Commonality and Predominance:**

51.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality:**

52.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

53.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Shellpoint's conduct.

**D.  Superiority and Manageability:**

54.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

10

FILED DATE: 8/4/2022 12:41 PM  2022CH07577

55.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

56.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

57.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

58.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

59.     Plaintiff has no interests antagonistic to those of the Putative Class, and Shellpoint has no defenses unique to Plaintiff.

60.     Plaintiff has retained competent and experienced counsel with substantial experience in mortgage servicing litigation.

11

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 4, 2022                    Respectfully submitted,

                                         **SZYMON SANAK**

                                         By: */s/ Arthur C. Czaja*

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 65455

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 39459

12

FILED DATE: 8/4/2022 12:41 PM   2022CH07577

FILED DATE: 8/4/2022 12:41 PM   2022CH07677

# EXHIBIT A

# shellpoint
A DIVISION OF NEWREZ

**MORTGAGE STATEMENT**
Statement Date: 12/18/2021

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

| Account Number | |
|---|---|
| Payment Date | **01/01/2022** |
| Payment Amount | **$112,324.37** |

2-811-17509-0000264-001-1-000-010-000-000

SZYMON SANAK
C/O ARTHUR C CZAJA
7521 N MILWAUKEE AVE
NILES IL 60714-3621

Phone: 800-365-7107
Website: www.shellpointmtg.com

| Explanation of Payment Amount | |
|---|---|
| Principal | $393.23 |
| Interest | $754.86 |
| Escrow (Taxes and Insurance) | $1,375.27 |
| **Regular Monthly Payment** | **$2,523.36** |
| Total Fees and Charges | $13.00 |
| Past Unpaid Payment | $109,788.01 |
| **Total Payment Amount** | **$112,324.37** |

### Bankruptcy Message

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, write to us.

| Past Payments Breakdown | | | |
|---|---|---|---|
| | | Paid Last Month | Paid Year to Date |
| Principal | | $0.00 | $0.00 |
| Interest | | $0.00 | $0.00 |
| Escrow | | $0.00 | $0.00 |
| Fees/Late Charges | | $0.00 | $0.00 |
| Partial Payment (Unapplied) | | $0.00 | $44.60 |
| Total | | **$0.00** | **$44.60** |

| Account Information | | |
|---|---|---|
| Outstanding Principal | | $274,406.07 |
| Deferred Balance | | $12,754.23 |
| Interest Rate | | 3.5000% |
| Prepayment Penalty | | None |
| Property Address: | 264 NUTTALL RD | |
| | RIVERSIDE IL 60546 | |

### Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

### Additional Messages

Affected by COVID-19? Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

Note: If the pre-petition arrearage amount is being disputed, or has not yet been determined by us, this statement may include an unresolved amount of the pre-petition arrearage.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

Repayment options may be available to you. Call 800-365-7107 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

For information about your payments, total amount due, and any additional payment history, see reverse side.

### **Account History**

Recent Account History
o Payment due 07/01/21: unpaid balance of $98,002.25
o Payment due 08/01/21: unpaid balance of $2,318.85
o Payment due 09/01/21: unpaid balance of $2,318.85
o Payment due 10/01/21: unpaid balance of $2,318.85
o Payment due 11/01/21: unpaid balance of $2,318.85
o Payment due 12/01/21: unpaid balance of $2,523.36
o Payment due 01/01/22: current payment due

o Total: $112,324.37 unpaid amount that, if paid, would bring your loan current.

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

---

Detach and return with payment.

# shellpoint
A DIVISION OF NEWREZ

Loan Number:
SZYMON SANAK

Property Address:
264 NUTTALL RD
RIVERSIDE IL 60546

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

| Payment Amount | | |
|---|---|---|
| Payment Date | | 01/01/2022 |
| Payment Amount | | $112,324.37 |
| Please write clearly inside space provided | | |
| Payment Amount | $ | |
| Additional Principal | $ | |
| Late / Other Charges | $ | |
| Additional Escrow | $ | |
| Total Amount Enclosed (Please do not send cash) | $ | |



## Transaction Activity (11/17/2021 - 12/17/2021)

| Date | Description | Charges | Payments |
|------|-------------|---------|----------|
| 12/07/2021 | Property Inspection Disbursement | $13.00 | $0.00 |

**Important Notice:** Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is not an attempt to collect a debt due to your bankruptcy filing. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Important Notice:** Please be advised that post-petition fees, expenses or charges reflected on this statement might be subject to additional disclosure to the bankruptcy court under Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. In the event such post-petition fees, expenses or charges are disallowed by the bankruptcy court, a subsequent waiver will be applied to your account.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan Español al número 800-365-7107.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Please be advised that Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

## Address, Phone, and Name Changes

Type of change (check all that apply)

\_\_\_ Address \_\_\_ Phone \_\_\_ Name** \_\_\_ Email Address

**Please remember:
Name changes require a signature and a copy of a legal document noting the new name. Examples of legal documents are marriage licenses and divorce decrees.

Your Account #_____ Social Security Number: _____

Old Borrower Name: _____ New Borrower Name: _____

Old Co-Borrower Name: _____ New Co-Borrower Name: _____

Borrower Signature: _____ Co-Borrower Signature: _____

New Mailing Address: _____

New Phone Number: Day (\_\_\_) \_\_\_-\_\_\_\_ Evening (\_\_\_) \_\_\_-\_\_\_\_ Email Address _____

FILED DATE: 8/4/2022 12:41 PM   2022CH07577

# EXHIBIT B

# shellpoint
A DIVISION OF NEWREZ

**Statement Date:** 02/16/2022

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

| | |
|---|---|
| Account Number | |
| Payment Date | 03/01/2022 |
| Payment Amount | $117,397.09 |

0-811-18872-0000289-001-1-000-010-000-000

ılılıllılılıllılıllılılılıllıllıllılıllıppılıllıllı

SZYMON SANAK
C/O ARTHUR C CZAJA
7521 N MILWAUKEE AVE
NILES IL 60714-3621

Phone: 800-365-7107
Website: www.shellpointmtg.com

## Explanation of Payment Amount

| | |
|---|---|
| Principal | $395.52 |
| Interest | $752.57 |
| Escrow (Taxes and Insurance) | $1,375.27 |
| **Regular Monthly Payment** | **$2,523.36** |
| Total Fees and Charges | $39.00 |
| Past Unpaid Payment | $114,834.73 |
| **Total Payment Amount** | **$117,397.09** |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $13.00 | $13.00 |
| Partial Payment (Unapplied) | $0.00 | $44.60 |
| **Total** | **$13.00** | **$57.60** |

## Account Information

| | |
|---|---|
| Outstanding Principal | $274,406.07 |
| Deferred Balance | $12,754.23 |
| Interest Rate | 3.5000% |
| Prepayment Penalty | None |
| Property Address: | 264 NUTTALL RD. |
| | RIVERSIDE IL 60546 |

## Bankruptcy Message

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, write to us.

## Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

## Additional Messages

Affected by COVID-19? Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

Note: If the pre-petition arrearage amount is being disputed, or has not yet been determined by us, this statement may include an unresolved amount of the pre-petition arrearage.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

Repayment options may be available to you. Call 800-365-7107 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

## **Account History**

Recent Account History
o Payment due 09/01/21: unpaid balance of $102,666.95
o Payment due 10/01/21: unpaid balance of $2,318.85
o Payment due 11/01/21: unpaid balance of $2,318.85
o Payment due 12/01/21: unpaid balance of $2,523.36
o Payment due 01/01/22: unpaid balance of $2,523.36
o Payment due 02/01/22: unpaid balance of $2,523.36
o Payment due 03/01/22: current payment due

o Total: $117,397.09 unpaid amount that, if paid, would bring your loan current.

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

---

Detach and return with payment.

# shellpoint
A DIVISION OF NEWREZ

Loan Number: 
SZYMON SANAK

Property Address:
264 NUTTALL RD
RIVERSIDE IL 60546

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

## Payment Amount

| | |
|---|---|
| Payment Date | 03/01/2022 |
| Payment Amount | $117,397.09 |

Please write clearly inside space provided

| | |
|---|---|
| Payment Amount | $ |
| Additional Principal | $ |
| Late / Other Charges | $ |
| Additional Escrow | $ |
| **Total Amount Enclosed** (Please do not send cash). | $ |

0100109762430000757008002523360025692...  10301220316224

FILED DATE: 8/4/2022 12:41 PM 2022CH07577

**Transaction Activity (01/17/2022 - 02/15/2022)**

| Date | Description | Charges | Payments |
|---|---|---|---|
| 02/10/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 02/11/2022 | County Tax Bill 1 | $7,451.35 | $0.00 |
| 01/18/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 01/18/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 01/18/2022 | Property Inspection Payment | $0.00 | $13.00 |

2022CH07577

8/24/2022...

**Important Notice:** Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is not an attempt to collect a debt due to your bankruptcy filing. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Important Notice:** Please be advised that post-petition fees, expenses or charges reflected on this statement might be subject to additional disclosure to the bankruptcy court under Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. In the event such post-petition fees, expenses or charges are disallowed by the bankruptcy court, a subsequent waiver will be applied to your account.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan Español al número 800-365-7107.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Please be advised that Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

**Address, Phone, and Name Changes**

Type of change (check all that apply)
_____ Address _____ Phone _____ Name** _____ Email Address

**Please remember:** Name changes require a signature and a copy of a legal document noting the new name. Examples of legal documents are marriage licenses and divorce decrees.

| | |
|---|---|
| Your Account # | Social Security Number: |
| Old Borrower Name: | New Borrower Name: |
| Old Co-Borrower Name: | New Co-Borrower Name: |
| Borrower Signature: | Co-Borrower Signature: |

New Mailing Address:

New Phone Number: Day (____) _____ - _____ Evening (____) _____ - _____ Email Address _____

Hearing Date: 12/2/2022 9:30 AM
Location: Court Room 2308
Judge: Cohen, Neil J

FILED
8/4/2022 12:41 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07577
Calendar, 5
18955355

FILED DATE: 8/4/2022 12:41 PM   2022CH07577

Chancery Division Civil Cover Sheet
General Chancery Section                                    (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Szzymon Sanak
                                                    **2022CH07577**
                                    Plaintiff
                        v.                          Case No: _____

NewRez, LLC d/b/a Shellpoint Mortgage Servicing
                                    Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☐ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☑ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

⦿ Atty. No.: __47671__          Pro Se 99500

Atty Name: __Arthur C. Czaja__

Atty. for: __Plaintiff__

Address: __7521 N. Milwaukee Ave.__

City: __Niles__                    State: __IL__

Zip: __60714__

Telephone: __847-647-2106__

Primary Email: __arthur@czajalawoffices.com__

Pro Se Only:   ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1

FILED
8/4/2022 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07577
Calendar, 5
18956640

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

| | |
|---|---|
| SZYMON SANAK, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.2022-CH-07577 |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | |
| Defendant. | |

## NOTICE OF FILING

To: **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING**, c/o Illinois Corporation Service Company, Registered Agent, 801 Adlai Stevenson Drive, Springfield, IL 62703

**PLEASE TAKE NOTICE** that on **August 4, 2022**, the Plaintiff, Szymon Sanak, by and through his attorneys electronically filed and served the Clerk of the Circuit Court of Cook County, Illinois the ***PLAINTIFF'S MOTION TO CLASS CERIFICATION***, a copy of which is attached hereto and hereby served upon you.

*/s/ Arthur C. Czaja          .*
Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 65455

**Page 1 of 2**

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 39459

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on **August 4, 2022,** he caused a true and correct copy of this Notice and the enclosed ***PLAINTIFF'S MOTION TO CLASS CERIFICATION*** to be served upon the party(ies) listed above, by attaching a copy of this Notice and enclosed ***PLAINTIFF'S MOTION TO CLASS CERIFICATION*** by postage prepaid first-class mail to the parties identified above at the mailing addresses identified hereinabove from 7521 N. Milwaukee Ave., Niles, Illinois 60714.


/s/ *Arthur C. Czaja*           .
Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

**Page 2 of 2**

FILED
8/4/2022 1:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07577
Calendar, 5
18956640

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**

SZYMON SANAK, individually, and on
behalf of all others similarly situated,

      Plaintiff,

v.                                Case No. 2022-CH-07577

NEWREZ LLC d/b/a SHELLPOINT
MORTGAGE SERVICING,

      Defendant.

## MOTION FOR CLASS CERTIFICATION

**NOW COMES**, Plaintiff, SZYMON SANAK, individually, and on behalf of all others

similarly situated, through undersigned counsel, pursuant to 735 ILCS 5/2-801 *et seq*., moving the

Court order Count I of this action, alleging violation of Fair Debt Collection Practices Act, 15

U.S.C. §1692 *et seq*. ("FDCPA"), to proceed on class basis against Defendant, NEWREZ LLC

d/b/a SHELLPOINT MORTGAGE SERVICING as follows:

> *All persons within the State of Illinois to whom (a) within the one (1) year
> prior to filing of the original complaint and during its pendency; (b)
> received the same or a substantially similar Mortgage Statement as the
> Mortgage Statements referenced supra; (c) following acceleration of the
> indebtedness; (d) where the mortgage statement sought an amount less than
> the accelerated indebtedness due.*

The following individuals are excluded from the Putative Class: (1) any Judge presiding

over this action and members of their families; (2) Shellpoint, Shellpoint's subsidiaries, parents,

successors, predecessors, and any entity in which Shellpoint or their parents have a controlling

interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4)

persons who properly execute and file a timely request for exclusion from the Putative Class; (5)

the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Shellpoint have been fully and finally adjudicated and/or released.

In support thereof, Plaintiff states as follows:

## NATURE OF THIS CASE

1.    SZYMON SANAK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 264 Nuttall Road, Riverside, Illinois 60546.

2.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.    NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint") is a limited liability company organized and existing under the laws of the state of Delaware.

4.    Shellpoint has its principal place of business at 1100 Virginia Drive, Suite 125, Fort Washington, Pennsylvania 19034.

5.    Shellpoint manages (or "services") mortgage loans after mortgage lenders originate them.

6.    Shellpoint uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.  Accordingly, Shellpoint is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7.    On or around March 15, 2017, Plaintiff executed a mortgage in favor of JPMorgan Chase Bank, N.A. (the "Mortgage").

8.    The Mortgage secured the purchase of Plaintiff's personal residence located at 264 Nuttall Road, Riverside, Illinois 60546 (the "Property").

9.    The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $428,000.00 (the "Loan").

FILED DATE: 8/4/2022 1:27 PM   2022CH07577

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

10.    The Note provides that "I will make a payment on the first day of every month, beginning on June 1st 2006."

11.    JPMorgan Chase Bank, N.A. assigned the Mortgage to Metropolitan Life Insurance Company by instrument dated April 10, 2015 and recorded May 27, 2015 as Document No. 1514739003 in the records of the Recorder's Office of Cook County, Illinois.

12.    Plaintiff defaulted on the Loan by failing to pay the monthly installments of principal, interest, taxes and/or insurance.

13.    The servicing of Plaintiff's Loan was assigned, sold, or transferred to Shellpoint.

14.    On March 15, 2019, Metropolitan Life Insurance Company filed a "Complaint to Foreclose Mortgage" against Plaintiff; Ewa Sanak; Midland Funding LLC; Unknown Owners and Non-Record Claimant, pursuant to section 15-1101 of the Code of Civil Procedure (hereinafter, the "Code") with respect to the Property.

15.    By this time, all the payments owing under Plaintiff's Loan were purportedly accelerated.[1]

16.    Once Plaintiff's Loan was accelerated, all the indebtedness under Plaintiff's Loan was due.

17.    Paragraph 3(J) of the Complaint to Foreclose Mortgage provides:

> Statement as to defaults: Mortgagor(s) have not paid the monthly installments of principal, interest, taxes and/or insurance for July, 2018 through the present; the principal balance due on the note and the mortgage is $283,803.75, plus interest, costs, advances and fees. Interest accrues at a per diem rate of $26.07.

---

[1] A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law. *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16, 389 Ill. Dec. 405, 26 N.E.3d 495 ("If CitiMortgage had not sent an acceleration notice, it would not be entitled to foreclose," therefore not satisfying "a condition precedent to its right to bring suit.").

3

FILED DATE: 8/4/2022 1:27 PM    2022CH07557

18.     Shellpoint sent Plaintiff a "Mortgage Statement" dated, December 18, 2021. *See* Exhibit A.

19.     The statement included a section entitled "Explanation of Payment Amount," which included a "Regular Monthly Payment" amount and a "Total Payment Amount," both in bold lettering.

20.     Also included was a detachable payment coupon to send in with the payment, which was referred to as the "Payment Amount" and had a "Payment Date."

21.     The statement identified $112,324.37 as the "Total Payment Amount" and not the $283,803.75 identified in the Complaint to Foreclose Mortgage.

22.     The "Mortgage Statement" dated, December 18, 2021, is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.     The Mortgage provides:

> 20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Notice, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.
>
> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant of the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty

4

FILED DATE: 8/4/2022 1:27 PM    2022CH07577

owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain actions can be taken, that time period will be deemed reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

24.     Pursuant to Section 20 of Plaintiff's Mortgage, Plaintiff, mailed a "Notice of Grievance," dated January 12, 2022, to Shellpoint, providing, pertinently:

> [A] foreclosure proceeding was commenced in state court on March 15, 2019. In the foreclosure proceeding, the debt was allegedly accelerated and the full amount payable under the Note and Mortgage was declared to be due. Notwithstanding, your mortgage statement, dated December 18, 2021, identified $112,324.37 as the "Total Payment Amount" and not the $283,803.75 identified in your Complaint to Foreclose Mortgage, dated March 15, 2019. In doing so, you violated §§ 1692e(2)(A) and e(10) by providing false and misleading statements in the mortgage statement and by misstating the amount and legal status of the debt.

25.     Shellpoint sent Plaintiff a "Mortgage Statement" dated, February 16, 2022. *See* Exhibit B.

26.     The statement included a section entitled "Explanation of Payment Amount," which included a "Regular Monthly Payment" amount and a "Total Payment Amount," both in bold lettering.

27.     Also included was a detachable payment coupon to send in with the payment, which was referred to as the "Payment Amount" and had a "Payment Date."

28.     The statement identified $117,397.09 as the "Total Payment Amount" and not the $283,803.75 identified in the Complaint to Foreclose Mortgage.

29.     Section 1692e provides:

FILED DATE: 8/4/2022 1:27 PM 2022CH07577

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

      (2)    The false representation of—

            (A)    the character, amount, or legal status of any debt.

      (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Shellpoint's February 16, 2022 statement falsely represented the amount and legal status of Plaintiff's Loan; violating 15 U.S.C. § 1692e

31. At the time Shellpoint sent the February 16, 2022 statement to Plaintiff, all the payments owing under Plaintiff's Loan were purportedly accelerated.

32. Once Plaintiff's Loan was accelerated, all the indebtedness under Plaintiff's Loan was due.

33. The February 16, 2022 statement sought an amount far less than the accelerated indebtedness due.

34. The Mortgage Statements sent to putative class members violated 15 U.S.C. § 1692e.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

35. The FDCPA was enacted in part "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). The statute is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997) citing *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits: (1) unfair or unconscionable collection methods, (2) conduct which

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

harasses, oppresses, or abuses any debtor, and (3) any false, deceptive, or misleading statements in connection with the collection of a debt. 15 U.S.C. § 1692d-f.

36.     In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

37.     The FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated. *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008); *see also Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D. Minn. 2001) ("The FDCPA is a remedial strict liability statute which was intended to be applied in a liberal manner;" *Picht v. Hawks*, 77 F. Supp. 2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). "Proof of deception or actual damages is not necessary to make a recovery under the FDCPA." *Id.*); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D. Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) ("[the FDCPA] is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'").

38.     "Congress intended the Act to be enforced primarily by consumers...." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). Further, the legislative history shows that Congress clearly intended that private enforcement actions would be the primary enforcement tool of the Act. *See* 123 Cong. Rec. 28112-13 (1977) (remarks of Rep. Annunzio); 1977 U.S.Code Cong. & Adm. News, *supra* at 1700.

FILED DATE: 8/4/2022 1:27 PM  2022CH07577

39.     Plaintiff is seeking only statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled. *E.g., Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). All that is required is proof that the statute was violated, although even then it is within the court's discretion to decide whether and if so, how much to award, up to the $ 1,000 ceiling. *E.g., Tolentino, supra*, 46 F.3d at 651; *Clomon, supra*, 988 F.2d at 1322.

## **REQUIREMENTS FOR CLASS CERTIFICATION**

40.     Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, provides:

> **Prerequisites for the maintenance of a class action.**  An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)     The class is so numerous that joinder of all members is impracticable.
>
> (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)     The representative parties will fairly and adequately protect the interest of the class.
>
> (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

41.     The 1977 Illinois statute was modeled after Rule 23 of the Federal Rules of Civil Procedure, which governs class certification in the Federal courts. *See* Fed. R. Civ. P. 23.

42.     As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits. 735 ILCS 5/2-802. Certification of a class is within the

FILED DATE: 8/4/2022 1:27 PM 2022CH07577

sound discretion of the trial court. *Haywood v. Superior Bank F.S.B.*, 244 Ill.App.3d 326, 328 (1st Dist. 1993).

43.     In a large and impersonal society, class actions are often the last barricade of consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required to pursue what would often be trivial relief. *Hoover v. May Dep't Stores Co*., 62 Ill. App. 3d 106, 378 N.E.2d 762 (1978) cites a particularly compelling statement with regard to the philosophy to be considered in determining the basis for class certification:

> "To consumerists, the consumer class action is an inviting procedural
> device to cope with frauds causing small damages to large groups. The
> slight loss to the individual, when aggregated in the coffers of the
> wrongdoer, results in gains which are both handsome and tempting. The
> alternatives to the class action -- private suits or governmental actions --
> have been so often found wanting in controlling consumer frauds that not
> even the ardent critics of class actions seriously contend that they are truly
> effective. The consumer class action, when brought by those who have no
> other avenue of legal redress, provides restitution to the injured, and
> deterrence of the wrongdoer."

*Hoover*, 62 Ill. App. 3d at 112, quoting Landers, *Of Legalized Blackmail & Legalized Theft: Consumer Class Actions & the Substance-Procedure Dilemma*, 47 So. Cal. L. Rev. 842, 845 (1974).

44.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As result, numerous FDCPA class actions have been certified. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. IL 1999); *Nielsen v. Dickerson*, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. 1999); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill. 1998*) report and recommendation adopted,* 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648 (C.D.

Ill. 1998); *Carroll v. United Compucred Collections, Inc.*, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. 2002), *report and recommendation adopted in part*, 2003 WL 1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. 2003) *aff'd*, 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. 1998); *Avila v. Van Ru Credit Corp.*, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. 1995), *aff'd sub nom. Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D. Ill. 2008); *Cotton v. Asset Acceptance*, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D. Ill. 2008); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993).

45.     As shown below, each requirement of certification can be met.

### Numerosity

46.     Because the language of section 2 – 801(1) is taken verbatim from Federal Rule of Civil Procedure 23(a)(1), federal case law may be considered as exegetic in deciding whether the class is so numerous that joinder is impracticable under the Illinois statute. Ill. Ann. Stat., ch. 110, par. 2 -- 801, Historical & Practice Notes, at 90 (Smith-Hurd 1983). Federal cases establish no bright line. There is no "magic number" below which there cannot be a class, but above which there can. The number of class members is relevant, not determinative. *DeMarco v. Edens* 390 F.2d 836 (2d Cir. 1968).

47.     Caselaw further dictates that "[w]here the number of class members is at best fairly

10

FILED DATE: 8/4/2022 1:27 PM    2022CH07577

small, courts require demonstration of additional reasons why joinder is impracticable." *Wood River Area Dev. Corp. v. Germania Federal Sav. & Loan Ass'n,* 198 Ill.App.3d 445, 450 (5th Dist. 1990). These additional factors include: (1) the class members' geographical distribution; (2) the ability to identify and locate the class members; (3) the degree of knowledge and sophistication of the class members and their need for protection; (4) the amount of the claims of the individual class members; and (5) the nature of the cause of action. *Id.* at 451

48.     The fact that the size of the proposed class has not been exactly determined is not a fatal defect in the motion; a class action may proceed upon estimates as to the size of the proposed class. *Kendler v. Federated Department Stores, Inc.,* 88 F.R.D. 688 (S.D.N.Y. 1981); *Hedges Enterprises, Inc. v. Continental Group, Inc.,* 81 F.R.D. 461 (E.D. Pa. 1979); *Amswiss International Corp. v. Heublein, Inc.,* 69 F.R.D. 663 (N.D. Ga. 1975).) "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by Shellpoint, since discovery is not essential to most cases in order to reach a class determination... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

49.     The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time. Members of the Putative Class can be objectively identified from records of Shellpoint to be gained in discovery. However, Plaintiff alleges, more than 40 members of the Putative Class exist; therefore, numerosity is satisfied. *See* Miller, *An Overview of Federal Class Actions: Past, Present, and Future,* Federal Judicial Center, at 22 (1977) ("If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no

11

automatic rule and other factors, *** become relevant.").

## Predominance of common questions of law or fact

50.    A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist. 1992).

51.    Here, Plaintiff alleges that the common questions are whether:

A.    Shellpoint violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of consumers' mortgage loans;

B.    Shellpoint violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of consumers' mortgage loans;

C.    Shellpoint violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect consumers' mortgage loans; and

D.    Measure of damages.

52.    Where a question of law refers to a standardized conduct of the defendant toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement of Rule 23(a)(2) is usually met. *Franklin v. Chicago,* 102 F.R.D. 944, 949 (N.D. Ill. 1984).

53.    The only individual issue is the identification of the class members, a matter capable of ministerial determination from Shellpoint's records.    Questions readily answerable from defendants' files do not present an obstacle to class certification. *Heastie v. Community Bank,* 125

12

F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

<strong>Adequacy of representation</strong>

54.     The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

55.     Plaintiff understands the obligations of a class representative, and has retained experienced counsel with substantial experience in consumer law.

56.     The second relevant consideration is whether the interests of Plaintiff are coincident with the general interests of the class members. Here, Plaintiff and members of the Putative Class seek money damages as the result of Shellpoint's unlawful collection practices, provided for by 15 U.S.C. § 1692. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Plaintiff and those of the class.

<strong>Class action is an appropriate method for the<br>fair and efficient adjudication of this controversy</strong>

57.     Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972). The Court is required to determine the best available method for resolving

13

FILED DATE: 8/4/2022 1:27 PM   2022CH07577

the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 189 (N.D. Ill. 1992); *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

58. In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. Individual cases are not economically feasible. The special efficacy of the consumer class action has been noted by the courts and is applicable to this case.

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied....

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright *et al.*, §1778, at 59; *see e.g.*, *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D. Pa 1994).

FILED DATE: 8/4/2022 1:27 PM    2022CH07577

59.    Class certification will provide an efficient and appropriate resolution of the controversy. *Zanni v. Lippold*, 119 F.R.D. 32 (C.D. Ill. 1998).

**CONCLUSION**

**WHEREFORE**, for the reasons stated herein, the Court should certify Count I of this action to proceed on class basis against Shellpoint.

DATED: August 4, 2022                    Respectfully submitted,

                                **SZYMON SANAK**

                                By: */s/ Joseph S. Davidson*

Arthur C. Czaja
LAW OFFICE OF ARTHUR C. CZAJA
7521 North Milwaukee Avenue
Niles, Illinois 60714
+1 847-647-2106
arthur@czajalawoffices.com
Attorney No: 47671

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com
Attorney No: 65455

Rusty A. Payton
PAYTON LEGAL GROUP LLC
4422 North Ravenswood Avenue
Chicago, Illinois 60640
+1 773-682-5210
info@payton.legal
Attorney No. 39459

15

FILED DATE: 8/4/2022 1:27 PM   2022CH07577

# EXHIBIT A

# shellpoint
A DIVISION OF NEWREZ

**MORTGAGE STATEMENT**
Statement Date: 12/18/2021

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

| | |
|---|---|
| **Account Number** | |
| **Payment Date** | 01/01/2022 |
| **Payment Amount** | $112,324.37 |

Phone: 800-365-7107
Website: www.shellpointmtg.com

2-811-17509-0000264-001-1-000-010-000-000

SZYMON SANAK
C/O ARTHUR C CZAJA
7521 N MILWAUKEE AVE
NILES IL 60714-3621

## Explanation of Payment Amount

| | |
|---|---|
| Principal | $393.23 |
| Interest | $754.86 |
| Escrow (Taxes and Insurance) | $1,375.27 |
| **Regular Monthly Payment** | **$2,523.36** |
| Total Fees and Charges | $13.00 |
| Past Unpaid Payment | $109,788.01 |
| **Total Payment Amount** | **$112,324.37** |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $44.60 |
| Total | $0.00 | $44.60 |

### Bankruptcy Message

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy.

We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you.

If you want to stop receiving statements, write to us.

## Account Information

| | |
|---|---|
| Outstanding Principal | $274,406.07 |
| Deferred Balance | $12,754.23 |
| Interest Rate | 3.5000% |
| Prepayment Penalty | None |
| Property Address: | 264 NUTTALL RD |
| | RIVERSIDE IL 60546 |

### Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

### Additional Messages

Affected by COVID-19? Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

Note: If the pre-petition arrearage amount is being disputed, or has not yet been determined by us, this statement may include an unresolved amount of the pre-petition arrearage.

Federal law requires us to tell you how we collect, share, and protect your personal information. Our Privacy Policy has not changed. You can review our policy and practices with respect to your personal information at www.shellpointmtg.com or request a copy to be mailed to you by calling us at 800-365-7107.

Repayment options may be available to you. Call 800-365-7107 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

For information about your payments, total amount due, and any additional payment history, see reverse side.

### **Account History**

Recent Account History
o Payment due 07/01/21: unpaid balance of $98,002.25
o Payment due 08/01/21: unpaid balance of $2,318.85
o Payment due 09/01/21: unpaid balance of $2,318.85
o Payment due 10/01/21: unpaid balance of $2,318.85
o Payment due 11/01/21: unpaid balance of $2,318.85
o Payment due 12/01/21: unpaid balance of $2,523.36
o Payment due 01/01/22: current payment due
o Total: $112,324.37 unpaid amount that, if paid, would bring your loan current.

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

---

Detach and return with payment.

# shellpoint
A DIVISION OF NEWREZ

Property Address:
264 NUTTALL RD
RIVERSIDE IL 60546

Loan Number:
SZYMON SANAK

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

## Payment Amount

| | |
|---|---|
| **Payment Date** | 01/01/2022 |
| **Payment Amount** | $112,324.37 |

Please write clearly inside space provided

| | |
|---|---|
| Payment Amount | $ |
| Additional Principal | $ |
| Late / Other Charges | $ |
| Additional Escrow | $ |
| **Total Amount Enclosed** (Please do not send cash) | $ |



**Transaction Activity (11/17/2021 - 12/17/2021)**

| Date | Description | Charges | Payments |
|---|---|---|---|
| 12/07/2021 | Property Inspection Disbursement | $13.00 | $0.00 |

**Important Notice:** Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is not an attempt to collect a debt due to your bankruptcy filing. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Important Notice:** Please be advised that post-petition fees, expenses or charges reflected on this statement might be subject to additional disclosure to the bankruptcy court under Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. In the event such post-petition fees, expenses or charges are disallowed by the bankruptcy court, a subsequent waiver will be applied to your account.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan Español al número 800-365-7107.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Please be advised that Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

## Address, Phone, and Name Changes

Type of change (check all that apply)

\_\_\_ Address \_\_\_ Phone \_\_\_ Name** \_\_\_ Email Address

**\*\*Please remember:**
Name changes require a signature and a copy of a legal document noting the new name. Examples of legal documents are marriage licenses and divorce decrees.

Your Account # _____ Social Security Number: _____

Old Borrower Name: _____ New Borrower Name: _____

Old Co-Borrower Name: _____ New Co-Borrower Name: _____

Borrower Signature: _____ Co-Borrower Signature: _____

New Mailing Address: _____

_____

New Phone Number: Day ( \_\_\_ ) \_\_\_ - \_\_\_ Evening ( \_\_\_ ) \_\_\_ - \_\_\_ Email Address _____

FILED DATE: 8/4/2022 1:27 PM   2022CH07577

# EXHIBIT B

# shellpoint
### A DIVISION OF NEWREZ

DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS
P.O. Box 619063 • Dallas, TX 75261-9063

| Account Number | |
| --- | --- |
| Payment Date | 03/01/2022 |
| Payment Amount | $117,397.09 |

0-811-16872-0000289-001-1-000-010-009-009

SZYMON SANAK
C/O ARTHUR C CZAJA
7521 N MILWAUKEE AVE
NILES IL 60714-3621

Phone: 800-365-7107
Website: www.shellpointmtg.com

## Explanation of Payment Amount

| | |
| --- | --- |
| Principal | $395.52 |
| Interest | $752.57 |
| Escrow (Taxes and Insurance) | $1,375.27 |
| **Regular Monthly Payment** | **$2,523.36** |
| Total Fees and Charges | $39.00 |
| Past Unpaid Payment | $114,834.73 |
| **Total Payment Amount** | **$117,397.09** |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
| --- | --- | --- |
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $13.00 | $13.00 |
| Partial Payment (Unapplied) | $0.00 | $44.60 |
| Total | $13.00 | $57.60 |

### Bankruptcy Message

Our records show that either you are a debtor in
bankruptcy or you discharged personal liability for your
mortgage loan in bankruptcy.

We are sending this statement to you for informational and
compliance purposes only. It is not an attempt to collect a
debt against you.

If you want to stop receiving statements, write to us.

## Account Information

| | |
| --- | --- |
| Outstanding Principal | $274,406.07 |
| Deferred Balance | $12,754.23 |
| Interest Rate | 3.5000% |
| Prepayment Penalty | None |
| Property Address: | 264 NUTTALL RD. |
| | RIVERSIDE IL 60546 |

### Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate
suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your
mortgage.

### Additional Messages

Affected by COVID-19? Assistance may be available. We offer relief
options, such as a forbearance - a temporary suspension of payments
and payment deferment. Visit our website www.shellpointmtg.com or call
us at 866-825-2174 to see if you qualify.

Note: If the pre-petition arrearage amount is being disputed, or has not
yet been determined by us, this statement may include an unresolved
amount of the pre-petition arrearage.

Federal law requires us to tell you how we collect, share, and protect your
personal information. Our Privacy Policy has not changed. You can review our
policy and practices with respect to your personal information at
www.shellpointmtg.com or request a copy to be mailed to you by calling us at
800-365-7107.

Repayment options may be available to you. Call 800-365-7107 to discuss
payment arrangements. Failure to act on this matter may result in us
exercising our legal rights as permitted by the contract and applicable
state laws.

For information about your payments, total amount due, and
any additional payment history, see reverse side.

### **Account History**

Recent Account History
o Payment due 09/01/21: unpaid balance of $102,665.95
o Payment due 10/01/21: unpaid balance of $2,318.85
o Payment due 11/01/21: unpaid balance of $2,318.85
o Payment due 12/01/21: unpaid balance of $2,523.36
o Payment due 01/01/22: unpaid balance of $2,523.36
o Payment due 02/01/22: unpaid balance of $2,523.36
o Payment due 03/01/22: current payment due
o Total: $117,397.09 unpaid amount that, if paid, would bring your loan
current.

If You Are Experiencing Difficulty: Please refer to the back of this statement
for additional messages about mortgage counseling and assistance.

---

Detach and return with payment.



# shellpoint
### A DIVISION OF NEWREZ

Loan Number:
SZYMON SANAK

Property Address:
264 NUTTALL RD.
RIVERSIDE IL 60546

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

## Payment Amount

| | |
| --- | --- |
| Payment Date | 03/01/2022 |
| Payment Amount | $117,397.09 |
| Please write clearly inside spaces provided | |
| Payment Amount | $ |
| Additional Principal | $ |
| Late / Other Charges | $ |
| Additional Escrow | $ |
| **Total Amount Enclosed** (Please do not send cash) | $ |

0100109762430000757008002523360025672 10301220316224

## Transaction Activity (01/17/2022 - 02/15/2022)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 02/10/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 02/11/2022 | County Tax Bill 1 | $7,451.35 | $0.00 |
| 01/18/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 01/18/2022 | Property Inspection Disbursement | $13.00 | $0.00 |
| 01/18/2022 | Property Inspection Payment | $0.00 | $13.00 |

2022CH07577

**Important Notice:** Newrez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is not an attempt to collect a debt due to your bankruptcy filing. Newrez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013.

**Important Notice:** Please be advised that post-petition fees, expenses or charges reflected on this statement might be subject to additional disclosure to the bankruptcy court under Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. In the event such post-petition fees, expenses or charges are disallowed by the bankruptcy court, a subsequent waiver will be applied to your account.

**Notice of Error or Information Request Address**
You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address:
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

For budget advice and credit counseling assistance please call the U.S. Department of Housing and Urban Development (HUD) at 800-569-4287 or at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan Español al número 800-365-7107.

If you prefer to receive communication in a language other than English, please contact us at 800-365-7107 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

Please be advised that Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

## Address, Phone, and Name Changes

*\*Please remember:*
*Name changes require a signature and a copy of a legal document noting the new name. Examples of legal documents are marriage licenses and divorce decrees.*

Type of change (check all that apply):

___ Address ___ Phone ___ Name** ___ Email Address

Your Account #_____ Social Security Number: _____

Old Borrower Name: _____ New Borrower Name: _____

Old Co-Borrower Name: _____ New Co-Borrower Name: _____

Borrower Signature: _____ Co-Borrower Signature: _____

New Mailing Address: _____

_____

_____

New Phone Number: Day (___)_____ Evening (___)_____ Email Address _____

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SZYMON SANAK, individually, and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, | ) ) ) | Honorable: |
| Defendant. | ) ) | |

## NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
## SERVICING'S LOCAL RULE 3.2 DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1, Defendant NewRez LLC d/b/a Shellpoint Mortgage Serving, by counsel, makes the following disclosure:

NewRez LLC d/b/a Shellpoint Mortgage Servicing is a wholly-owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition entities are wholly-owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC is a wholly-owned subsidiary of Rithm Capital Corp. a Delaware corporation. Rithm Capital Corp., fka New Residential Investment Corp., is publicly traded on the New York Stock Exchange under the ticker symbol RITM, and was previously traded under the ticker symbol NRZ.

September 14, 2022

Respectfully submitted,

*/s/ Rebekah A. Carpenter*
Rebekah A. Carpenter (ARDC #6305616)
Ronald C. Gilbert, III (#3553049)
**AKERMAN LLP**
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5700 Telephone
rebekah.carpenter@akerman.com
ronald.gilbert@akerman.com
*Attorneys for defendant NewRez d/b/a*
*Shellpoint Mortgage Servicing*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 14th day of September 2022, a true and correct copy of the foregoing ***Local Rule 3.2. Disclosure Statement*** was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

*/s/ Rebekah A. Carpenter*
Rebekah A. Carpenter
*Attorney for NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing*